UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

                                                                Case No.: 19-14839-AJC

GOOD SHEPHERD CHUCH, INC.,

          Debtor.     /              Chapter 11

**CITY FIRST MORTGAGE'S MOTION FOR PROSPECTIVE RELIEF FROM STAY AND FOR SANCTIONS FOR BAD FAITH FILING**

**EXPEDITED RELIEF REQUESTED – THIS NEWLY FORMED DEBTOR ACQUIRED VIA QUIT CLAIM DEED TITLE TO PROPERTIES FROM NEW BEGINNINGS CHUCH AFTER ITS FOURTH BANKRUPTCY CASE WAS DISMISSED WITH PREJUDICE FOR BAD FAITH FILING – THIS FILING IS THE FIFTH FILING TO HAVE IMPAIRED SECURED LENDER'S LAWFUL ENFORCEMENT RIGHTS**

Secured Lender, City First Mortgage ("City First"), moves for entry of an Order granting it prospective stay relief pursuant to 11 U.S.C. 363(d)(4) and awarding sanctions for bad faith filing and an abuse of the bankruptcy process pursuant to Rule 11 and states:

**FOUR EARLIER FILINGS BY NEW BEGINNINGS**

1. Good Shepherd Church, Inc. via quit claim deed dated November 6, 2018 from serial-filer former Debtor, New Beginnings of South Florida, Inc. ("*New Beginnings*") assumed ownership of two properties subject to City First final judgment and lis pendens.

2. On August 7, 2012, New Beginnings filed its first *case no. 12-28972-LMI*. This case was dismissed for failure to file an attorney representation on August 21, 2012.

3. On April 22, 2015, New Beginnings filed its second *case no. 15-17283-LMI*. This case was dismissed for failure to file schedules.

4. On December 29, 2015, the Circuit Court for Miami-Dade County, case no. 14-002715-CA-01, entered the Final Judgment of Foreclosure in the amount of

$201,161.64 in favor of City First and against the then owner of the subject property New Beginnings relating to two properties located at 13454 and 13485 Alexandria Drive, Opa Locka, Florida 33054.  A copy of the final judgment is **Exhibit A**.  The foreclosure sale was set for February 11, 2016.

5. On February 10, 2016, New Beginnings filed its third ***case no. 16-11907-RAM***.  This stopped the first foreclosure sale.  On February 15, 2017, the Bankruptcy Court entered an Order confirming the Debtor's Amended Plan (DE #148).   Section 3(b) of the Plan required New Beginnings to make monthly payments including interest on City First's $234,000 allowed secured claim, and provided that in the event of default City First was entitled to reset the foreclosure sale of the property upon 21 days written notice without relief from stay.

6. A little more than a year after confirmation, New Beginnings ***defaulted under the confirmed plan*** by failing to make the May, June, July, August or September 2018 monthly payments.  City First then filed a motion in the foreclosure case to reset the foreclosure sale, *City First v New Beginnings*, case no. 2014-002715-CA-13.  The foreclosure sale was reset for January 7, 2019.

7. On or about November 6, 2018, New Beginnings assigned by quit claim deed to the current debtor, Good Shephard.  Despite having assigned the interest in the properties, on January 4, 2019, New Beginnings filed, ***improperly pro se***, a fourth ***bankruptcy case no. 19-10138-LMI*** that stopped for a second time the foreclosure sale.

8. At no time during the evidentiary hearing on the motion to dismiss the New Beginnings fourth bankruptcy case, did the representatives of New Beginnings disclose to the Court that it had quit claimed the real properties to Good Shephard.

2

9.      After an evidentiary hearing on the Order to Show Cause, the Bankruptcy Court entered the Order Dismissing Case With Prejudice for Three Years dated February 8, 2019.  A copy of that Order is ***Exhibit B***.

10.      After dismissal for bad faith, City First reset the foreclosure sale for a third time for April 15, 2019.  This sale was canceled a third time by the current bad faith filing now by the Debtor by virtue of a quit claim deed from New Beginnings that is of no force and effect as it is filed after the lis pendens and final judgment filed in the foreclosure action.

11.      Moreover, Good Shepard just like its predecessor filed this petition knowing that an entity even a non-profit one is prohibited from representing itself.  In fact this was one of the reasons Judge Isicoff dismissed the last filing of New Beginnings for bad faith.

## RELIEF REQUESTED

12.      This fifth bankruptcy case involving the same properties, again pro se with full knowledge an entity cannot file without an attorney, was filed in bad faith solely to hinder City First's enforcement rights will be the subject of another motion by City First. In fact this filing is an egregious flouting of the Bankruptcy Code and the Bankruptcy Court given that there is an existing Order dismissing the previous case for bad faith.

13.      Accordingly, City First requests not only this case be dismissed for bad faith but that the Court grant City First prospective relief from the automatic stay for a period of 3 years pursuant to 11 U.S.C. § 362(d)(4) in recordable form that will prevent any additional bankruptcies filing from any entity affecting title to the properties described in the Final Judgment attached as Exhibit A.  Because Chief Judge Isicoff previously

conducted an evidentiary hearing on this very issue, City First respectfully suggests this Chapter 11 case be reassigned.

14. Prospective relief from stay is necessary under these egregious circumstances to permit City First to enforce its lawful lien rights against a serial filing and new debtor syndrome. The abuse of the bankruptcy process is precisely what § 362(d)(4) is intended to prevent. City First request an Order enjoining any party with any subordinate interest in the properties described in the Final Judgment from filing any bankruptcy for three years.

15. There is no prospect for a reorganization in that the last reorganization with the same properties and same revenues went into default within a year of confirmation.

16. Given the egregious circumstances evidencing bad faith and a clear intent to abuse the bankruptcy process, City First requests that the Court award sanctions including attorneys' fees and costs in bringing this motion.

**WHEREFORE** City First moves for entry of an Order (i) granting this Motion and affording prospective stay relief enjoining any party including the Debtor or other entity claiming a subordinate interest in the properties from filing a bankruptcy for three years; (ii) directing the Miami-Dade Clerk of Courts to disregard any attempt by the Debtor or such third party from attempting to use the automatic stay to stop a reset foreclosure sale of the properties; (iii) awarding City First sanctions for bad faith filing and abuse of the bankruptcy process including reasonable attorney's fees and (iv) granting such other and further relief as is just.

**I CERTIFY** that a copy the above was served via ECF on all registered users entitled to such notice and by US Mail to the Debtor 14500 NE 6th Avenue, North Miami

FL 33161 on April 30, 2019.

>AM LAW
>Counsel for City First Mortgage
>7385 SW 87th Avenue, Suite 100
>Miami, FL 33173
>PH: 305.441.9530
>gmm@amlaw-miami.com
>By:/s/ Gary Murphree
>Gary M. Murphree, Esq.
>FBN: 996475

CFN: 20150818586 BOOK 29906 PAGE 4122
DATE:12/30/2015 08:25:32 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE C

| | |
|---|---|
| CITY FIRST MORTGAGE CORP., <br> a Florida corporation <br><br> Plaintiffs, <br> vs. <br><br> NEW BEGINNINGS OF SOUTH FLORIDA, INC., ET. AL., <br> Defendants, <br> _____/ | IN THE CIRCUIT COURT OF THE 11TH <br> JUDICIAL CIRCUIT IN AND FOR <br> MIAMI- DADE COUNTY, FLORIDA <br><br> CASE NO. 14-002715-CA-01 <br> CIVIL DIVISION: |

### FINAL JUDGMENT OF FORECLOSURE

THIS ACTION was heard before the Court on the Plaintiffs' Motion For Summary Judgment held on December 29, 2015. On the evidence presented, **IT IS ORDERED AND ADJUDGED** that Plaintiffs' Motion for Summary Judgment of Foreclosure is **GRANTED** against all Defendants listed by name: NEW BEGINNINGS OF SOUTH FLORIDA, INC., ET. AL.

1. **Amounts Due and Owing.** Plaintiff, City First Mortgage, a Florida corporation is due:

| | |
|---|---|
| Principal Balance | $162,000.00 |
| Default Interest (8-1-15 to 12-29-15) | $12,063.39 |
| Late Charges Owing | $3,564.00 |
| Insurance Advance | $4,325.67 |
| Foreclosure Transmittal Fee | $475.00 |
| Previous Default From Stipulation | $11,970.25 |
| Litigation Costs | $1,788.33 |
| Attorneys' Fees | $4,975.00 |
| TOTAL DUE as of 12-29-2015 | **$201,161.64** |

* Interest accruing at a rate of: $79.89 Per day



2. **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest, 4.75% a year.

3. **Lien on Property.** Plaintiff, CFM, whose address is: c/o 6100 Hollywood Blvd, Ste 305, Hollywood, FL 33024, holds a lien for the grand total sum superior to all claims or estates of the defendant(s), on the following described property in **MIAMI-DADE County**, Florida:



Exhibit A    Page 1 of 3

CFN: 20150818586 BOOK 29906 PAGE 4123

**Parcel 1:**

**Lots 2 and 4, Block 302, of NILE GARDENS SECTIONS I AND II, according to the plat thereof, as recorded in Plat Book 31, Page 42, of the Public Records of Miami-Dade County, Florida.**

**Parcel 2:**

**Lot 6, Block 302, of NILE GARDENS SECTION I, according to the Plat thereof, as recorded in Plat Book 31, Page 42, Public Records of Miami-Dade County, Florida.**

4. **Sale of property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale beginning at 9am on 2-11-16 (a date not less than 30 days after the date of this Judgment) via online foreclosure auction at: www.miamidade.realforeclose.com, to the highest bidder or bidders for cash, except as set forth hereinafter.

5. **Costs.** Plaintiff, **CFM** shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, paid by a third party (other than Plaintiff, **CFM** ) so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; plus interest at the rate prescribed in Paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7. **Right of Possession.** Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat, if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the Protecting Tenants at Foreclosure Act of 2009, which was extended until 12/31/14 by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

8. **Jurisdiction.** The court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, a deficiency judgment.

Exhibit   A   Page 2 of 3

CFN: 20150818586 BOOK 29906 PAGE 4124

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA (TELEPHONE: (305) 375-5943) WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (305) 579-5733 TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

**DONE AND ORDERED** at Miami-Dade County, Florida, on 12-29-15____, 2015.

_____
Circuit Judge

Thomas J. Rebull
Circuit Court Judge

copies to:
Moshe Rubinstein, *counsel for Plaintiff,* moshe@moshelaw.com
ELVIRA SMITH, President of NEW BEGINNINGS of SOUTH FLORIDA, INC., 2398 NW 119 Street, MIAMI, FLORIDA 33167

no other appearance

FINAL ORDERS AS TO ALL PARTIES
CASE DISPOSED
12
CLOSED
Judge's Initials _____

Exhibit A   Page 3 of 3



```
CFN  2018R0676745
OR BK 31209 Pgs 3188-3192 (5Pgs)
RECORDED 11/06/2018 15:38:59
DEED DOC TAX $300.00
SURTAX $225.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
```

**Prepared By:**
Margaret T. Spann
P. O. Box 541323
Opa Locka, Florida 33054

**After Recording Return To:**
Margaret T. Spann
P. O. Box 541323
Opa Locka, Florida 33054

Space Above This Line for Recorder's Use

## FLORIDA QUIT CLAIM DEED

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

**This Quit Claim Deed** made this 31st day of October, 2018 is between New Beginnings of South Florida, Inc. a non-profit Florida corporation, whose post office address is P. O. Box 471101, Miami, FL 33247 (Grantor); and Good Shepherd Church, Inc., a non-profit Florida corporation, whose post office address is 14500 NE 6th Avenue, Unit B, North Miami, Florida 33161. (Grantee).

**Witnesseth**, that said Grantor, for good consideration and for the sum of Ten Dollars ($10.00), and other good and valuable consideration in hand paid by the said Grantee, the receipt whereof is hereby acknowledged, does hereby remise, release and quit claim unto the said Grantee and Grantee's heirs, successors and assigns forever, all the right, title, interest, claim and assigns which said Grantor has in and to the following described parcel of land, and improvements and appurtenances thereto in the County of Miami-Dade, State of Florida to wit:

### SEE ATTACHED SCHEDULE "A"

**To have and to hold** the same together with all the tenements, hereditaments and appurtenances thereunto belonging or in any way appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of Grantor, either in law or equity, for the use, benefit and profit of the said Grantee forever.

**This conveyance** is expressly made subject to all unpaid and outstanding real property taxes for the year 2018 and all prior years, and all encumbrances, easements and restrictions of record, and all liens.

Page 1 of 2

5

And the said Grantor hereby covenants with the Grantee that the said Grantor is lawfully seized of said land in fee simple; that the said Grantor has good right and lawful authority to sell and convey said land; that the said Grantor hereby warrants the title to said land and will defend the same against all lawful claims of all persons claiming by, through or under the said Grantor, except as set forth above.

_____
Grantor's Signature
**Lila Fenn**
Grantor's Name: Lila Fenn, President
**P.O. Box 471101**
Address
**Miami, FL 33247**
City, State & Zip

_____
Grantor's Signature
_____
Grantor's Name
_____
Address
_____
City, State & Zip

**In Witness Whereof,**
_____
Witness's Signature
**Willie [?] Smith**
Witness's Name
**2131 N W. 96 St.**
Address
**Miami, FL 33147**
City, State & Zip

_____
Witness's Signature
**Miriam Smith**
Witness's Name
**P.O. Box 682005**
Address
**Miami, FL 33168**
City, State & Zip

STATE OF <u>FLORIDA</u>       )
COUNTY OF <u>MIAMI-DADE</u>   )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that <u>Lila Fenn, President</u> for <u>New Beginnings of South Florida, Inc.</u> whose name is signed to the foregoing instrument, and who produced identification **FLDL # 500-525-77-757-1**, acknowledged before me on this day that, being informed of the contents of the instrument, has executed the same voluntarily on the day the same bears date.

Given under my hand this **31st** day of **October**, 20**18**.

OSSIE MAE CONLEY
Commission # GG 231961
Expires October 25, 2022
Bonded Thru Budget Notary Services

*Ossie Mae Conley*
Notary Public
**Ossie Mae Conley**
Printed Name

My Commission Expires: **October 25, 2022**

Page 2 of 2

## SCHEDULE "A" - TO QUIT CLAIM DEED
## LEGAL DESCRIPTION

**Folio: 08-2128-003-0170**
Post Office Address: 13485 Alexandria Drive, Opa Locka, FL 33054
Lots 2 and 4, in Block 302, of NILE GARDENS SECTIONS I AND II, according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
28-29-52-41 / Lot Size 16000 Square Feet / OR 14127-2267 0589 1

**Folio #: 08-2128-003-0180**
Post Office Address: 13454 Alexandria Drive, Opa Locka, FL 33054
Lot 6, in Block 302, of "NILE GARDENS SECTION I AND II", according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
Lot Size 8000 Square Feet / OR 12205-825 0784 1

**Folio #: 08-2128-003-0190**
Lot 7, in Block 302, of "NILE GARDENS SECTION I AND II", according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
Lot Size 8000 SQ FT / OR 20065-4066 1101 3

**Folio #: 08-2128-003-0200**
Lot 8, in Block 302, of "NILE GARDENS SECTION I AND II", according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
Lot Size 8000 Square Feet / OR 11987-1603 1183 5

**Folio # 08-2128-003-0210**
Lot 9, in Block 302, of "NILE GARDENS SECTION I AND II", according to the Plat there of, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
Lot Size 8000 SQ FT / OR 20065-4058 1101 3

**Folio # 08-2128-003-0220**
Lot 10, in Block 302, of "NILE GARDENS SECTION I AND II", according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
Lot Size 8000 SQ FT / OR 20065-4062 1101 3

**Folio #08-2128-003-0230**
Lot 11, in Block 302, of "NILE GARDENS SECTION I AND II", according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
Lot Size 8000 Square Feet / OR 18867-3432 1099 2 (4)

**Folio #08-2128-003-0240**
Lot 12, in Block 302, of "NILE GARDENS SECTION I AND II", according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
Lot Size 8000 Square Feet / OR 18867-3432 1099 2 (4)

**Folio #08-2128-003-0250**
Lot 13, in Block 302, of "NILE GARDENS SECTION I AND II", according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
Lot Size 8000 SQ FT / OR 18867-3432 1099 2 (4)

**Folio #08-2128-003-0260**
Lot 14, in Block 302, of "NILE GARDENS SECTION I AND II", according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
Lot Size 8000 Square Feet / OR 18867-3432 1099 2 (4)

**Folio: #08-2128-003-0270**
**Post Office Address: 13331 Alexandria Drive, Opa Locka, FL 33054**
Lots 15, 16, 17, and 18, in Block 302, of "NILE GARDENS SECTIONS I AND II", according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
Lot Size 32000 Square Feet / OR 17755-3058 0897 1

**Post Office Address: 13321 Alexandria Drive, Opa Locka, FL 33054**
Lot 20, in Block 302, of "NILE GARDENS SECTIONS I AND II", according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
28-29 52 41 / Lot Size 8000 Square Feet / OR 15022-2510 0591 1

**Folio #08-2128-003-0320**
**Post Office Address: 13321 Alexandria Drive, Opa Locka, FL 33054**
Lot 20, in Block 302, of "NILE GARDENS SECTIONS I AND II", according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida.
28-29 52 41 / Lot Size 8000 Square Feet / OR 15022-2510 0591 1

**Folio: #08-2128-007-0180**
**Post Office Address: 13317 Alexandria Drive, Opa Locka, FL 33054**
The West ½ of the North 1/3 of the North ½ of Tract 302 of "REVISED PLAT OF PORTIONS OF BLOCKS 301, 302, 303 OF NILE GARDENS – SECTION ONE", according to the Plat thereof, as recorded in Plat Book 38, Page 56, of the Public Records of Miami-Dade County, Florida, A/K/A Lot 22, in Block 302, of "NILE GARDENS SECTION I AND II", according to the Plat thereof, as recorded in Plat Book 31, at Page 42, of the Public Records of Miami-Dade County, Florida. / Lot Size 8000 Square Feet

**Folio #: 08-2128-007-0184**
**Post Office Address: 13311 Alexandria Drive, Opa Locka, FL  33054**
A portion of the "REVISED PLAT OF PORTIONS OF BLOCKS 301,302,303 OF NILE GARDENS SECTION ONE", according to the Plat thereof, as recorded in Plat Book 38, Page 56, of the Public Records of Miami-Dade County, Florida, being the North 50 feet of the South 250 feet and the West 20 feet of the North 25 feet of the North 50 feet of the South 200 feet of the East Half of Tract 302, and the North 25 feet of the South 200 feet of the West Half of Tract 302, LESS the West 10 feet of the North 25 feet of the South 200 feet of the West Half of Tract 302 for Right-of-Way.

**Folio #: 08-2128-007-0183**
**Post Office Address: 13307 Alexandria Drive, Opa Locka, FL  33054**
A portion of the "REVISED PLAT OF PORTIONS OF BLOCKS 301, 302, 303 OF NILE GARDENS - SECTION ONE", according to the Plat thereof, as recorded in Plat Book 38, Page 56, of the Public Records of Miami-Dade County, Florida, being the North 50 feet of the South 200 feet of the East Half of Tract 302, LESS the West 20 feet of the North 25 feet; and the North 25 feet of the South 175 feet of the West Half of Tract 302, LESS the West 30 feet of the North 25 feet of the South 175 feet of the West Half of Tract 302 thereof.

**Folio: #08-2128-007-0221**
The North 150 Feet of the South 2168.5 Feet of Tract 303 of "REVISED PLAT OF PORTIONS OF BLOCKS 301, 302, 303 OF NILE GARDENS – SECTION ONE", according to the Plat thereof, as recorded in Plat Book 38, Page 56, of the Public Records of Miami-Dade County, Florida.
28-29 52 41  /  1.06 AC M/L  /  Lot Size 48000 SQ FT / OR 25754-4969 0607 2

**Folio #: 08-2121-007-2660**
**Post Office Address: 13730 NW 27 Avenue, Opa Locka, FL  33054**
21 52 41 / The South 50 feet of the North 150 feet of Tract "C", in Block 148, of PLAT NUMBER THREE OF "OPA LOCKA", Less the 8.00 East feet for Road & Beginning 150 FT South & 8 feet West of the Northeast Corner of Tract "C" W PARR to N/L 79.37 Feet thereof, according to the Plat thereof, as recorded in Plat Book 31, Page 14, of the Public Records of Miami-Dade County, Florida.
Lot Size 50.850 X 92  /  OR 13492-0023 1187 1

**Folio #: 08-2121-007-2670**
**Post Office Address: 13720 NW 27 Avenue, Opa Locka, FL  33054**
21 52 41 / The North 150 Feet of Tract "C", in Block 148, of PLAT NUMBER THREE OF OPA LOCKA, Less the **8** East Feet for Road & Less Beginning 150 Feet South & 8 Feet West of Northeast Corner of Tract "C" W PARR to N/L 79.37 Feet ELY 79.38 Feet thereof, according to the Plat thereof, as recorded in Plat Book 31, Page 14, of the Public Records of Miami-Dade County, Florida.
Lot Size 42.490 X 88  /  OR 24727-3420 05 2005 1



ORDERED in the Southern District of Florida on February 7, 2019.

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                         CASE NO.  19-10138-BKC-LMI

New Beginnings of South Florida, Inc.,         Chapter 11

      Debtor.
_____/

### ORDER DISMISSING CASE WITH PREJUDICE FOR THREE YEARS

This matter came before the Court on February 6, 2019 on its Order to Show Cause Why Case Should Not Be Dismissed With Prejudice For 3 Years (ECF #15) (the "Show Cause Order"). The Debtor, New Beginnings of South Florida, Inc., filed a Chapter 11 petition on January 4, 2019, *pro se.* Because the Debtor failed to obtain an attorney within the deadline set by the Court,[1] the case was to be dismissed with a standard prejudice period of 180 days.[2] After reviewing the docket, however, and noting

---

[1] *See* Local Rule 9010−1(B)(1).
[2] Corporations must be represented by counsel in court proceedings. *See Osborn v. Bank of U.S.,* 22 U.S. 738, 830 (1824). Accordingly, *pro se* corporate bankruptcy petitions are not permitted.

Exhibit  C  Page 1 of 2

that this case was the Debtor's fourth bankruptcy case the Court determined that it was appropriate to issue the Show Cause Order.

At the hearing the Court heard argument from two non-attorney corporate representatives of the Debtor, counsel for City First Mortgage Corp, counsel for 2009 TLC, LLC, counsel for Gloria Betancourt, As Trustee Of The Gloria Betancourt Revocable Trust Dated March 1, 2011, as Assignee of Rogelio Betancourt, and the United States Trustee.

For the reasons stated on the record,

it is ORDERED and ADJUDGED:

1. This case is DISMISSED with prejudice. The Debtor may not file bankruptcy in any district in the United States for a period of three years from the date of this Order.

2. The Court will reserve jurisdiction to rule on any (a) motions for sanctions filed pursuant to Fed.R.Bankr.P. 9011 and (b) motions for prospective stay relief. Any such motions must be filed within 14 days from the entry of this Order.

3. Because this bankruptcy case has been dismissed, the automatic stay is no longer in effect.

###

*The Clerk of the Court shall furnish copies to all creditors and interested parties listed on the matrix.*

Exhibit C  Page 2 of 2